**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TRUSTEES OF THE NEVADA RESORT ASSOCIATION-INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA LOCAL 720 PENSION TRUST; NEVADA RESORT ASSOCIATION-INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA LOCAL 720 PENSION TRUST,

Plaintiffs

v.

BZ CLARITY HOLDINGS, LLC dba Base Entertainment; BZ CLARITY/PHANTOM SUB, LLC,

Defendant

Case No.: 2:25-cv-2595-APG-NJK

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

[ECF No. 8]

The plaintiffs (collectively, the Pension Trust) move for default judgment against the defendants. The defendants have not appeared, and default has been entered against them. ECF No. 7.

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b). Upon entry of default, I take as true the factual allegations in the complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam). But "entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Ent. Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (quotation omitted). The "general rule [is] that default

judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*at 1471

I consider the following factors in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*. at 1471-72.

The first *Eitel* factor considers whether the Pension Trust will suffer prejudice if default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-cv-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). The defendants have failed to appear in and defend this lawsuit. If default judgment is not entered, the Pension Trust will be unable to pursue its claims against them. This factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the plaintiff "state[s] a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8(a). The Pension Trust's complaint sufficiently pleads that the defendants breached a settlement agreement by failing to pay withdrawal liability assessments as they had agreed to. ECF No. 1 at 3-4. Thus, the second and third *Eitel* factors weigh in favor of entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether the recovery sought is proportional to the harm caused by [the] defendant's conduct." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quotation omitted); *PepsiCo.*, *Inc*., 238 F. Supp. 2d at 1176. The Pension Trust requests an award of $1,109,938.10, which includes withdrawal liability, interest, statutory liquidated damages, and attorneys' fees and costs. ECF No. 8 at 14-15. These amounts are reasonable and authorized by the relevant statutes. The rates charged by the attorneys are in line with or less than those charged by similar lawyers in this area, and the hours they charged for the work they performed are appropriate.

The fifth *Eitel* factor weighs the possibility of a dispute regarding material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). The defendants have not rebutted any of the Pension Trust's allegations. The Pension Trust has presented sufficient evidence to support findings that the defendants breached their obligations and that the amount of requested damages is appropriate. Thus, the fifth *Eitel* factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *Id*. The clerk of court entered default on May 7, 2026, and the defendants still have not appeared over six months later. There is no evidence before me that the defendants' failure to respond is due to excusable neglect. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district

court to enter default judgment against a corporation that failed to appear in the action). The sixth *Eitel* factor weighs in favor of entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the defendants' failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment here. A decision on the merits is desirable, but under these circumstances, default judgment is warranted.

I THEREFORE ORDER that the Pension Trust's motion for default judgment against the defendants **(ECF No. 8) is GRANTED**. The clerk of court is directed to enter judgment in favor of the plaintiffs and against the defendants in the amount of $1,109,938.10 and to close this case.

DATED this 11th day of November, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE